UNITED STATES FEDERAL DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

**Bryn Thomas,**
Plaintiff,

CA 06 64S

vs.

**Team One Mortgage, LLC,** and
**Jack Sommer,**
Defendants.

---

## COMPLAINT

### Introduction

1. The Plaintiff alleges the Defendants failed to pay her approximately $1,345.16 in wages for the final two weeks she worked for them in October 2005. She alleges the Defendants' refusal to pay her violates the minimum wage provisions of the Fair Labor Standards Act of 1938, as amended (29 USCA § 206), and the Rhode Island General Laws establishing a miniumum wage and requiring payment of wages (R.I.G.L. 28-12-3 and 28-14-2). She seeks her back wages, statutory damages and attorney fees and costs.

### Parties/Jurisdiction/Venue

2. The Plaintiff is a resident of Providence, Rhode Island.

3. The Defendant Team One Mortgage, LLC, (Team One), is a limited liability company, oraginzed and existing under the laws of the State of Rhode Island, with its principal place of business in North Kingstown, Rhode Island.

4. The Defendant Jack Sommer (Sommer) is an individual residing in the State of Rhode Island with his principal place of employment in North Kingstown, Rhode Island.

5. Jurisdiction over the federal law claims in this action is conferred on this court by the Section 16(b) of the Fair Labor Standards Act (FLSA) (29 USCA § 216(b)), and by the provisions of 28 USCA § 1337, relating to any civil action or proceeding arising under any Act of Congress regulating commerce.

6. Supplemental jurisdiction over the state law claims in this action is conferred on this court by 28 U.S.C. § 1367(a)..

7. At all times relevant to this litigation, Team One employed the Plaintiff.

**Count I – Federal Law Claim**

5. At all times relevant to this litigation, Sommer was an "employer" of the Plaintiff within the meaning of Section 3(d) of the FLSA (29 USCA § 203(d)), in that he acted directly in the interests of Team One in relation to the employees of Team One, including the Plaintiff.

6. At all times relevant to this litigation, Team One was an enterprise engaged in interstate commerce, namely, the arranging of mortgages between borrowers in Rhode Island and lenders located in other states.

7. During the period from October 10, 2005 through October 21, 2005, or thereabout, the Defendants employed the Plaintiff in connection with the business of Team One.

8. During the period from October 10, 2005 through October 21, 2005, or thereabout, the Defendants employed the Plaintiff in connection with the business of Team One for approximately 80 hours.

9. In performing her job for Team One, the Plaintiff was an employee of an enterprise engaged in interstate commerce within the meaning of Sections 7(a) of the FLSA (29 USCA § 206(a)).

10. During the period from October 10, 2005 through October 21, 2005, or thereabout, the Defendants failed to pay the Plaintiff for any of the hours she worked.

11. During the period from October 10, 2005 through October 21, 2005, or thereabout, the mimium wage established by the FLSA was $5.15 per hour. (29 USCA § 206(a)(1))

12. Under the FLSA, the Defendants are jointly and severally liable to the Plaintiff for $412.00 (29 USCA § 206(a)), statutory damages of an additional $412.00 (29 USCA § 216(b)), and attorney fees and costs (29 USCA § 216(b)).

**Wherefore, the Plaintiff requests Judgment against Defendants, jointly and severally, for:**

a) the federal minium wage due her for the time she worked but was not paid for;
b) statutory damages;
c) attorney fees and costs; and
d) for such other relief as the Court may deem just and appropriate.

**Count II – State Law Claim**

13. The Plaintiff reassert the facts and allegations contained in all the previous paragraphs and incorporates them into this Count.

14. During the period from October 10, 2005 through October 21, 2005, or thereabout, Team One employed the Plaintiff for 40 hours per week.

15. During the period from October 10, 2005 through October 21, 2005, the Rhode Island minium wage was $6.75 per hour. (RIGL 28-12-3)

16. During the period from October 10, 2005 through October 21, 2005, the Plaintiff's rate of pay was $1,345.16 payable every two weeks.

17. During the period from October 10, 2005 through October 21, 2005, or thereabout, Team One did not pay the Plaintiff the Rhode Island minium wage nor did it pay her her customary wages of $1,345.16.

18. Rhode Island General Laws 28-14-18.1 and 28-12-19 grant the Plaintiff permission to bring a civil action for unpaid wages.

19. For the period from October 10, 2005 through October 21, 2005, Team One is liable to the Plaintiff for 80 hours of unpaid work at the Rhode Island minium wage rate (RIGL 28-12-19), for unpaid wages in the amount of $1,345.16 (RIGL 28-14-18.1), and attorney fees and costs (RIGL 28-12-19).

**Wherefore, the Plaintiff requests Judgment against Defendants, jointly and severally, for:**

e) the state minium wage due her for the time she worked but was not paid for;
f) her unpaid customary wages;
g) attorney fees and costs; and
h) for such other relief as the Court may deem just and appropriate.

**The Plaintiff request a trial by jury.**

Bryn Thomas,
By her attorney,

John T. Longo, Esq./#4928
681 Smith Street, Suite 201
Providence, RI 02908
Phone (401) 272-2177
Fax (401) 274-5433
jtlongo@yahoo.com